## YOUGSTOWN PACKING & PROVISION CO v GALIATO et

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 5, 1929

Ewing & Ewing, Youngstown, for Packing Co.

D W Mumaw, Youngstown, for Galiato et.

FARR, J.

After an examination of these sections the court is of the opinion that Section 11105 applies, and this section carries the provision that in order to set aside such conveyance for fraud the grantee in the conveyance must have knowledge of the intended fraud.

There is the further question as to the right of Frank Galiato to be reimbursed for any improvements he may have made upon this property, and there is testimony going to show that he did make improvements to the amount of about $1,000. In view of the fact that the court reached the conclusion that **Section 11105 GC.** applies, and that there is not sufficient testimony in this record to bring home to Frank Galiato guilty knowledge as to the purpose of the transfer from his brother Patsy to him, Frank Galiato may be entitled to be reimbursed for the betterments he placed upon the property after he acquired or believed he had acquired title to the same. However, the law relating to occupying claimants may be applied in that regard and when the cause is certified to the Court of Common Pleas for such proceedings as are authorized by law, whatever rights Frank Galiato may have as to these betterments upon the property should be worked out and determined according to the provisions of the occupying claimant law in Ohio.

It is also contended that whatever consideration passed between Frank Galiato and his brother Patsy, had passed at a period previous to the making of the intended deed, and it is claimed that a pre-existing debt could not be and was not in the instant case a sufficient consideration. After having examined this question the conclusion is that a pre-existing debt would be a sufficient consideration for this property, and especially is that proposition good in view of the fact that the court reaches the conclusion that whether the deed is good or not that Frank Galiato for want of guilty knowledge may be entitled to have returned to him or secured to him the return of whatever money he invested in this property.

The plaintiff, the Packing & Provision Company, obtained its judgment and it is significant that Patsy near the time of the securing of this judgment executed the deed to his brother Frank. This perhaps would fasten upon Patsy guilty knowledge or guilty purpose in making the transfer, but would not necessarily bring home to his brother Frank the same knowledge obtaining upon the part of Patsy in transferring his property.

For the reasons given the same judgment will be entered as below and the cause certified back to the court of common pleas for such proceedings as are authorized by law, where the mortgage company holding the mortgage executed by Frank Galiato may have its interests adjudicated. So that the same judgment will be entered here as below and the cause certified back to the court of common pleas for such proceedings as are authorized by law.

Pollock and Roberts, JJ, concur.